# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NANCY GIROLAMO, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMUNITY PHYSICAL THERAPY & ASSOCIATES, LTD. and ROBERT TRIPICCHIO,<br><br>        Defendants. | No. 15-cv-02361<br><br>Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nancy Girolamo has brought this putative class and collective action against her former employer, Defendant Community Physical Therapy & Associates, Ltd. ("CPT"), and its President, Robert Tripicchio. In her Amended Complaint, Girolamo alleges that CPT fails to compensate employees for all of the overtime they work and fails to pay its regular and overtime wages according to the schedule required by law. She also claims that she was retaliated against for complaining about CPT's unlawful wage payment practices. Before the Court is Defendants' motion to dismiss Counts I–IV of Girolamo's Amended Complaint or, alternatively, to strike the class allegations in those counts pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), and to dismiss all of the claims against Tripicchio pursuant to Rule 12(b)(6). (Dkt. No. 19.) For the reasons explained below, the motion to dismiss is granted as to Counts I, II, and IV, without prejudice. The motion is denied as to Count III. The motion to strike class allegations is denied as moot with respect to the dismissed counts and denied on the merits as to Count III.

**BACKGROUND**

The following facts are drawn from the Amended Complaint.[1]

CPT provides physical, occupational, speech, and respiratory therapy in skilled nursing, home health, and outpatient settings. (Am. Compl. ¶ 3, Dkt. No. 13.) Girolamo was employed by CPT as a Certified Occupational Therapy Assistant from 2008 through early 2015. (*Id.* ¶ 12.) She claims that while she was employed there, CPT directed her to work in excess of 40 hours in individual work weeks and failed to compensate her at one and one-half times her regular hourly rate of pay for the time she worked in excess of 40 hours. (*Id.* ¶ 13.) Other non-exempt, similarly-situated employees likewise have been directed to work more than 40 hours in individual work weeks without being paid one and one-half times their regular hourly rate for that overtime work. (*Id.* ¶ 14.)

The problem, according to Girolamo, is that CPT requires its therapy assistants to work "off the clock" (*i.e.*, when they were not punched in for their shift) by imposing productivity requirements. (*Id.* ¶¶ 15-16.) These productivity requirements are imposed in the form of set percentages of time that therapy assistants are required to be working with patients. (*Id.* ¶ 16.) In Girolamo's case, her productivity requirement was 92%. (*Id.*) As a result of the productivity requirements, Girolamo and other similarly-situated employees did not have adequate time to perform the other tasks required by their jobs and were forced to perform that work in the evenings and on weekends, that is, "off the clock." (*Id.* ¶¶ 17-18.) Girolamo claims that CPT's illegal failure to pay required overtime wages to her and other similarly-situated employees was willful, knowing, or reckless. (*Id.* ¶¶ 31, 36.)

---

[1] For purposes of deciding this motion, the Court accepts the allegations of the Amended Complaint as true and draws all permissible inferences in Girolamo's favor. *See, e.g.*, *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

Girolamo's Amended Complaint also challenges the timeliness of CPT's wage payments. CPT follows a policy and practice of paying its employees—for both regular and overtime wages—twice per month. (*Id*. ¶¶ 19, 43.) On the 5th day of each month, employees are paid for the work they performed from the 1st through the 15th days of the prior month; on the 20th day of each month, they are paid for the work performed from the 16th through the last day of the prior month. (*Id*.) And when an employee stops working for CPT, it pays that employee according to its normal pay practice—*i.e.*, on the regular payday for the period in which the employee worked his or her last day. (*Id*. ¶ 45.)

Girolamo has filed suit asserting claims for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I); failure to pay overtime wages in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.* (Count II); failure to timely pay wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/4 and 115/5 (Count III); failure to promptly pay wages in violation of the FLSA (Count IV); and retaliation for her complaints regarding CPT's payment practices in violation of the FLSA (Count V). Defendants have moved to dismiss Counts I–IV of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to strike the class allegations in those counts.

## DISCUSSION

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Id*. at 555. A plaintiff must "'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"

3

*McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. In addition, "although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Id.* Some factual allegations "will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Furthermore, "a party may plead itself out of court by either including factual allegations that establish an impenetrable defense to its claims or by attaching exhibits that establish the same." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006).

I. **Failure to Pay Overtime Wages in Violation of the FLSA and the IMWL**

Defendants first argue that Girolamo's claims under the FLSA and IMWL for failure to pay overtime wages should be dismissed as inadequately pleaded.

The FLSA and the IMWL require employers to pay employees one and one-half times their regular hourly wage for hours worked in excess of 40 hours in a week. *See* 29 U.S.C. § 207(a)(1); 820 ILCS § 105/4a(1). The Seventh Circuit has not explicitly ruled on the level of detail required to state a claim under these statutes for unpaid or underpaid wages,[2] and district courts in this Circuit have reached different conclusions on the issue. *Compare Wilson v. Pioneer Concepts, Inc.*, No. 11-cv-02353, 2011 WL 3950892, at *2-3 (N.D. Ill. Sept. 1, 2011) (granting motion to dismiss) *with Nicholson v. UTi Worldwide, Inc.*, No. 3:09-cv-00722, 2010 WL 551551, at *2-4 (S.D. Ill. Feb. 12, 2010) (denying motion to dismiss). Many courts in this District have dismissed claims supported only by conclusory allegations. For example, in *Robertson v.*

---

[2] The FLSA and the IMWL contain similar overtime requirements and therefore are analyzed using the same legal framework. *See Silver v. Townstone Fin., Inc.*, No. 14-cv-01938, 2015 WL 1259507, at *1 (N.D. Ill. Mar. 17, 2015).

*Steamgard*, the plaintiff's complaint alleging simply that he regularly worked more than 40 hours per week but was not paid the proper overtime premium was held to be insufficient to survive a motion to dismiss. *Robertson v. Steamgard*, No. 11-cv-08571, 2012 WL 1232090, at *1 (N.D. Ill. Apr. 12, 2012) ("Brevity is laudable, but can be taken too far. The factual allegations in the complaint are exceptionally terse and do not enable the reader of the complaint to understand any of the factual underpinnings of the claims."). Similarly, in *Butler v. East Lake Management Group, Inc.*, the plaintiff's complaint alleged that he "frequently" "work[ed] overtime hours in excess of forty hours in a work week" and that the defendant "did not compensate [him] for all the overtime worked on call." *Butler v. East Lake Mgmt. Grp., Inc.*, No. 10-cv-06652, 2012 WL 2115518, at *4-5 (N.D. Ill. June 11, 2012) (substitutions in original). Those allegations were found to be too "bare-bones" to state a claim for relief under the FLSA. *Id.* Likewise, in *Silver v. Townstone Finance, Inc.*, a complaint alleging that the plaintiff regularly worked more than 40 hours a week but was not paid an overtime premium for the additional hours was found insufficient to state an FLSA claim. *See Silver v. Townstone Fin., Inc.*, No. 14-cv-01938, 2015 WL 1259507, at *2 (N.D. Ill. Mar. 17, 2015).

In other Circuits, Courts of Appeals have found FLSA and IMWL claims supported only by conclusory allegations to be insufficient to survive a motion to dismiss. For example, the First Circuit dismissed an FLSA claim where the plaintiffs alleged that "[t]hroughout their employment with defendants, Plaintiffs regularly worked hours over 40 in a week and were not compensated for such time, including the applicable premium pay." *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012). The court explained that "[t]he key statement—'regularly worked hours over 40 in a week and were not compensated for such time'—is one of those borderline phrases. . . .

Standing alone, the quoted language is little more than a paraphrase of the statute." *Id*. The court then went on to explain:

> The harder question is whether the deficiency [as to the allegations of working over 40 hours in a week] is cured by three general allegations in the complaint—namely, charges that [the defendant] requires unpaid work through meal-breaks due to an automatic timekeeping deduction, unpaid preliminary and postliminary work, and unpaid training sessions.

*Id.* The court found the first of those three to be "the most concrete" yet still inadequate—although the complaint described a mechanism by which the FLSA *may* have been violated as to employees who worked through their lunch hours, there was still not enough information to determine that those employees were not properly compensated under the FLSA. *Id*. at 14. The complaint failed to provide examples (or even estimates) of unpaid time, did not describe the nature of the work performed during those times, nor did it address whether other compensation may have offset any deficiency in compensation for unpaid time. *Id*.

Here, Girolamo's Amended Complaint provides little more detail than the complaints dismissed in the cases described above. While she alleges that the time period of her employment extended from 2008 through early 2015, she does not include any allegations regarding when or how often during that period she worked overtime or failed to receive appropriate compensation. And although she alleges that CPT's productivity requirement policy forced her to perform work in the evenings and weekends, she includes no information regarding when or how often she worked overtime as a result of that policy, how much overtime she worked as a result of that policy, what type of work she performed outside of regular work hours, or whether other compensation may have offset any deficiency in overtime compensation.[3] At the end of the day,

---

[3] Although Girolamo alleges that the productivity requirement did not leave adequate time for her to perform "the extensive other work required by their job" (Am. Compl. ¶ 17, Dkt. No. 13), the "other work" she describes does not appear limited to the work she was allegedly forced to perform outside of regular

Girolamo's claims for failure to pay overtime wages are no different than the minimal allegations that have been found inadequate by many courts—they boil down to a bare assertion that Girolamo worked overtime but was not adequately compensated, which alone is not sufficient to place Defendants on notice of the allegations they must defend.

Accordingly, Counts I and II of the Amended Complaint do not plead facts that plausibly suggest a right to relief and must be dismissed. It appears, however, that Girolamo may be able to provide additional details sufficient to state claims under the FLSA and IMWL. For that reason, those counts are dismissed without prejudice.

## II.     Failure to Timely Pay Wages in Violation of the IWPCA

Defendants next argue that Girolamo's claim for failure to timely pay wages in violation of the IWPCA should be dismissed because Girolamo's wages were paid (even if late) and because, even if untimely payment of wages were sufficient to give rise to a claim, she would not be entitled to damages.

The IWPCA requires that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS § 115/4. In addition, "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS § 115/5.

Here, according to Girolamo, CPT has a pay practice under which employees such as herself are compensated twice per month: on the 5th day of each month, they are compensated for work performed from the 1st day to the 15th day of the previous month, and on the 20th day of

---

work hours—for example, one of the types of work listed is "patient care," which appears to be exactly what she was required to spend 92% of her time doing.

each month, they are compensated for work performed from the 16th day to the end of the previous month. (Am. Compl. ¶ 43, Dkt. No. 13.) Under this approach, employees are not paid until over 13 days have elapsed since the end of the pay period in which their wages were earned. Yet the statute is clear that employees who are paid on a semi-monthly or bi-weekly basis are entitled to payment within 13 days of the end of the pay period in which they earn wages. In addition, when employees stop working at CPT, they might have to wait as long as 36 days to receive their final paychecks—*i.e.*, if an employee's last work day is January 1, that employee would not be paid for that day until February 5. (*Id*. ¶ 45.) Thus, CPT pays its departed employees on their regular payday for that period, rather than at the time of separation or on the next scheduled payday for the employee as required by statute.

Defendants' arguments that eventual payment moots an IWPCA claim and that damages are unavailable for a payment that is less than a month late are unavailing. Such an interpretation of the IWPCA contradicts the plain language of the statute. If the Illinois legislature desired to allow a cause of action only for wage payments never made or only for wages paid more than a month late, it could have so written the statute. Defendants have cited no caselaw supporting their proffered interpretation of the statute, and this Court declines to render moot the timeliness requirement specified by the legislature. Accordingly, Girolamo has stated a claim for failure to timely pay wages in violation of the IWPCA and the Motion is denied with respect to Count III.

## III. Failure to Promptly Pay Wages Under the FLSA

Defendants also ask the Court to dismiss Girolamo's claim under the FLSA for failure to pay wages promptly. Unlike the IWPCA, the FLSA does not specify a particular time in which an employee must be compensated for his or her work; instead, the FLSA requires only that employers pay their employees' wages "on time." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697,

707 (1945); *Howard v. City of Springfield, Ill.*, 274 F.3d 1141, 1148 (7th Cir. 2001). "The FLSA requires—and the Supreme Court has recognized approvingly—that an employee receive on time payment for work performed. . . . [*i.e.*,] that an employer pays an employee on the regularly scheduled paydays." *Martin v. United States*, 117 Fed. Cl. 611, 621 (2014). With respect to overtime wages, "[t]he general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. When the correct amount of the overtime compensation cannot be determined until sometime after the regular pay period, however, the requirements of the FLSA will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable." *Howard*, 274 F.3d at 1148 (quoting 29 C.F.R. § 778.106).

In her Amended Complaint, Girolamo alleges that CPT pays its employees regular and overtime wages on their regularly scheduled paydays: all wages earned during a particular pay period are paid on the regular payday for that pay period. (Am. Compl. ¶¶ 55-56, Dkt. No. 13.) Girolamo may take issue with when exactly the regularly scheduled payday is (and the regular pay schedule may constitute a violation of the IWPCA), but nonetheless, according to Girolamo's own allegations, CPT does pay its employees their regular and overtime wages on their regularly scheduled paydays. That is all the FLSA requires. Girolamo effectively asks this Court to find that CPT must pay its employees their overtime wages for a given pay period *before* they are paid their regular wages for that period. That is not required by the FLSA. The cases cited by Girolamo are inapposite. For example, although Girolamo cites a test in *Rogers v. City of Troy, New York*, regarding whether a pay schedule violates the FLSA, the case actually dealt with whether a change in an employer's regular pay schedule violated the FLSA, something not alleged to have occurred here. *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55 (2d Cir. 1998).

9

Accordingly, Girolamo has failed to state a claim for failure to promptly pay wages in violation of the FLSA. But as with Counts I and II, the Court will provide Girolamo an opportunity to resuscitate this claim through an amended pleading. Thus, Count IV is dismissed without prejudice.

## IV. Allegations Against Defendant Tripicchio

In addition to the pleading deficiencies identified above, Girolamo's complaint fails to make clear what claims she seeks to assert against Tripicchio. She refers to CPT and Tripicchio collectively as "CPT" and does not make clear in her allegations or the enumerated counts to which Defendant or Defendants they apply. The Court cautions Girolamo, however, that the standards for individual and corporate liability under the FLSA, IMWL, and IWPCA are not identical. Any proposed amended complaint Girolamo should address these differences and adequately plead individual liability. The Court also notes that despite Defendants' argument to the contrary, the IMWL statute does not appear to foreclose individual liability. *See, e.g.*, *Park v. Dundee Mkt. III, Inc.*, No. 14-cv-01541, 2014 WL 6617030, at *3 (N.D. Ill. Nov. 20, 2014) (collecting cases, and stating that "Federal courts have found that individuals can be held liable for IMWL violations. Further, Illinois courts look to Fair Labor Standards Act ("FLSA") regulations and precedents when applying the IMWL.") (internal citations omitted); *Alvarez-castor v. Dog Gone Good Food, Inc.*, No. 15-cv-02440, 2015 WL 7888963, at *2 (N.D. Ill. Dec. 4, 2015) (noting that the defendant "has provided no authority, and this Court is aware of none, requiring that a court must pierce the corporate veil before an individual 'employer,' as that term is defined by statute, may be found liable under either the FLSA or the IMWL."); *Lizak v. Great Masonry, Inc.*, No. 08-cv-01930, 2009 WL 3065396, at *9 (N.D. Ill. Sept. 22, 2009) ("Under the

IMWL, an individual with sufficient control over a business and a particular set of IMWL violations is personally liable as an employer for those violations.").

## V. Request to Strike Class Allegations

With respect to the claims that are dismissed (Counts I, II, and IV), Defendants' request to strike the class allegations is denied as moot. As for the remaining putative class claim (Count III), although the Court recognizes that there may be issues with the proposed class described in the Amended Complaint, the Court finds that it is premature to consider matters related to class certification. Defendants essentially ask this Court to determine the propriety of class certification at the pleading stage in the context of a motion to dismiss, and without the benefit of any class discovery. *See, e.g.*, *Boatwright v. Walgreen Co.*, No. 10-cv-03902, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011) ("At this procedural stage, the Court is not equipped with the information needed to conduct the rigorous analysis required to determine whether Rule 23's requirements have been satisfied. Because a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, a decision denying class status by striking class allegations at the pleading stage is inappropriate.") (internal citations omitted); *De Falco v. Vibram USA, Inc.*, No. 12-cv-07238, 2013 WL 1122825, at *9 (N.D. Ill. Mar. 18, 2013) ("While there may indeed be issues with the proposed class, the Court believes it is premature to engage in this analysis at the motion to dismiss stage. Rather, these issues are better raised after the parties have had an opportunity to conduct class discovery and fully brief the motion for class certification."). Particularly with Girolamo being granted an opportunity to amend the complaint, such an assessment would be premature.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss or, alternatively, to strike class allegations (Dkt. No. 19) is granted in part and denied in part. Defendants' motion is granted as to Counts I, II, and IV; those counts are dismissed without prejudice. The motion to dismiss Count III is denied. Girolamo shall have 14 days from the entry of this Memorandum Opinion and Order to file a second amended complaint that attempts to cure the deficiencies identified above. As the Court finds that dismissal of Counts I, II, and IV is warranted, the Court denies as moot Defendants' request to strike the class allegations as to those claims. The Court also denies as the request to strike the class allegations as to Count III.

ENTERED:

Dated: May 19, 2016

_____

Andrea R. Wood
United States District Judge