UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY GIROLAMO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY PHYSICAL THERAPY & ASSOCIATES, LTD. and ROBERT TRIPICCHIO,<br><br>Defendants. | No. 15 C 2361<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nancy Girolamo brings this action against her former employer, Community Physical Therapy & Associates, Ltd. (CPT) and its president, Robert Tripicchio. (Dkt. 103, Third Amended Compl.). Plaintiff alleges that CPT failed to pay Plaintiff and other persons similarly situated all earned overtime wages. Plaintiff seeks step-one certification of a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). For the foregoing reasons, Plaintiff's motion for conditional certification of a collective action and judicial notice [90] is granted.

**I. Background**[1]

---

[1] Defendants incorporate by reference Defendants' Motion to Strike Plaintiff's Declaration (Dkt. 52); Defendants' Response to Plaintiff's Motion for Conditional Certification (Dkt. 55); and Defendants' Sur-reply to Plaintiff's Combined Reply in Support of Motion for Conditional Certification and Motion to Strike (Dkt. 58). Defendants' Motion to Strike Plaintiff's Declaration was denied without prejudice on April 20, 2016 (Dkt. 77), but Defendants reraise it in their supplemental response and ask the Court to strike it as to facts outside of Girolamo's personal knowledge. (Dkt. 102 at 11-12). The Court relies on

Girolamo was employed by CPT from 2008 through February 13, 2015. (Dkt. 91 at 2). During that time, she worked as a therapy assistant at the Alden of Waterford facility in Aurora, Illinois. (*Id.*). CPT provides physical, occupational, speech and respiratory therapies to clients at Alden and other skilled nursing and rehabilitation facilities within Illinois. (*Id.*). CPT has employed more than 100 therapists and therapy assistants in the last three years. (Dkt. 91-2, Kristine Bykerk Dep. at 242).

Plaintiff alleges that therapists and therapy assistants performed off-the-clock work as a result of CPT's productivity standards. (Dkt. 90 at 1). According to Plaintiff, in October 2011, Medicare modified its billing procedures so that providers could no longer bill multiple patients for the same group therapy session (known as "group billing"). (Bykerk Dep. at 108-09). CPT's productivity standard requires 90% of an employee's time be spent on billable tasks, which usually involves a therapist working directly with a patient. (Kiran Tyagi Dep. at 92). Time spent on non-billable tasks lowers an employee's productivity score. (Dkt. 91 at 3; Bykerk Dep. at 207-08). Activities that cannot be billed include: "speaking with patients' families, completing paperwork and other administrative and customer-service oriented tasks." (Dkt. 91 at 3). Therapy assistants are also required to "fill out weekly patient Medicare documentation, assist with patient discharges, perform various requirements by administration for computer documentation, assist with patient education and day-of discharge documentation, answer telephone calls, speak to

---

Plaintiff's declaration only to the extent she testifies based on personal knowledge. Defendants' request is therefore granted.

families about the care of their loved ones, attend care plans, attend team meetings, provide insurance updates, prepare weekly updates for weekly building Medicare meetings, follow up with various other interdisciplinary team members throughout the day, (i.e., Nursing, Social Work, Dietician), transport patients to/from therapy, and various other items." (*Id.* at 3-4). In order to keep their productivity score at 90%, Plaintiff alleges that employees were forced to perform these non-billable tasks off-the-clock.

Plaintiff has produced testimony from herself and three other CPT employees to support her assertion that off-the-clock work is pervasive throughout CPT. Kiran Tyagi, a current CPT supervisor and physical therapist, testified that Nancy Girolamo and others such as Michelle Bardo, Neelam Shah, Kelly Kuntzendorf, and Trish Lake worked off-the-clock in order to meet production standards. (Dkt. 91 at 4; Tyagi Dep. at 5-6, 30-40, 90-91, 98-99). Tyagi sometimes works off-the-clock as well. (Dep. at 97-98). Tyagi testified that off-the-clock work is the subject of complaints among both therapists and therapy assistants. (Tyagi Dep. at 44-46). Kristine Bykerk, senior vice-president of corporate operations, testified that she receives complaints of off-the-clock work from management staff three to four times per year, including from locations where Girolamo did not work. (Dkt. 91 at 5; Bykerk Dep. at 6, 72-73, 81-82). She testified that all three regional supervisors reported that therapists and therapy assistants at various locations had stated that they were working off-the-clock. (Dkt. 91 at 6; Bykerk Dep. at 154-57). Bykerk testified that both therapists and therapy assistants are asked to meet the same

productivity standards. (Bykerk Dep. at 97). Kelly Kuntzendorf, a CPT physical therapy assistant, testified that she works off-the-clock in order to meet CPT's productivity standards. (Kuntzendorf Dec. ¶¶ 4-5). She also noted that "many of the therapists and therapy assistants that I work with at CPT also work off-the-clock." (*Id.* ¶ 6). Nancy Girolamo testified via Declaration that she regularly works off-the-clock and "complained on a number of occasions about the off the clock work to CPT management." (Dkt. 91-1, Girolamo Dec. ¶¶ 8-13).

## II. Discussion

Under section 216(b) of the FLSA, employees who are similarly situated may bring a collective action against an employer for unpaid minimum wages or overtime compensation. 29 U.S.C. § 216(b). "District courts have discretion in managing collective actions because the FLSA does not detail specific procedures for certifying a conditional class or authorizing collective action notices." *Betancourt v. Maxim Healthcare Servs., Inc.*, 2011 WL 1548964, at *4 (N.D. Ill. Apr. 21, 2011). A collective action under § 216(b) differs from a class action under Federal Rule of Civil Procedure 23 in that Rule 23 binds class members unless they opt out, whereas collective action members are bound under § 216(b) only if they opt in to the action by providing their written consent. *Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 976 (7th Cir. 2011). Although the Seventh Circuit has not decided this issue, "the majority of courts—including this Court—have adopted a two-step process for determining whether an FLSA lawsuit should proceed as a collective action." *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008).

At the first step, "a named plaintiff can show that the potential claimants are similarly situated by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003) (internal quotation omitted). A conditional class may be certified if plaintiff makes the "modest showing" required by law even if "[t]he majority of defendants' arguments may indeed support eventual 'decertification' at the second stage." *Bastian v. Apartment Investment and Management Co.*, 2007 WL 5234235, at *1 (N.D. Ill. Sept. 17, 2007). The Court's determination as to whether a collective action may be appropriate at this initial phase of inquiry does not involve adjudication of the merits of the claims; the named plaintiff must demonstrate only that there is some factual nexus that connects her to other potential plaintiffs as victims of an unlawful practice. *Betancourt*, 2011 WL 1548964, at *5 (citations omitted).

At the second step, after the parties have engaged in a substantial amount of discovery, the "court's inquiry is more stringent." *Jirak*, 566 F. Supp. 2d at 848. At the second stage, the Court must consider: "(1) whether the plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff; and (3) fairness and procedural concerns." *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004). The second stage does not begin, however, "until potential plaintiffs have been given a chance to 'opt-in' to the collective action

and discovery is complete that the court more rigorously reviews whether the representative plaintiff and the putative claimants are in fact similarly situated so that the lawsuit may proceed as a collective action." *Persin v. CareerBuilder, LLC*, 2005 WL 3159684, at *1 (N.D. Ill. Nov. 23, 2005).

### A. Plaintiff is not required to make a heightened evidentiary showing at this time.

Defendants argue that conditional certification should be considered under the second step or at least receive intermediate scrutiny. Unlike a typical case where conditional certification is granted in advance of any discovery, Defendants argue that an "intermediate standard" of scrutiny should apply here because Plaintiff has had the opportunity to conduct discovery. Indeed, while the parties have had an opportunity to conduct discovery in this case, an intermediate standard may be appropriate when a court has expressly allowed "discovery on the issue of whether the plaintiffs are similarly situated" and the plaintiffs have been given access to a "list of other . . . potential members of the proposed class." *Bunyan v. Spectrum Brands, Inc.*, 2008 WL 2959932, at *4 (S.D. Ill. July 31, 2008). That is not the case here.

While the motion to dismiss was pending, Plaintiff deposed CPT's Rule 30(b)(6) witness, CPT's president, CPT's regional supervisor for the Alden Waterford Facility Joanne Metzger, and Plaintiff's direct supervisor Kiran Tyagi. (Dkt. 58-1 at 3, 5, 14). Defendants have deposed one potential plaintiff, Kelly Kuntzendorf. On June 3, 2016, Plaintiff's counsel represented to the Court that "we've gotten a lot of discovery done," but added "[defense] counsel has told me that they would want to

depose opt-ins. . . [s]o there would be a little bit of discovery associated with the opt-ins." (Dkt. 102-1, Trans. at 11). Although discovery has been ongoing for several months, Defendants have not produced a list of potential plaintiffs, and the parties have not had an opportunity to engage in discovery with the potential class members. *See Freeman v. Total Sec. Mgmt.-Wisconsin, LLC*, 2013 WL 4049542, at *4 (W.D. Wis. Aug. 9, 2013) (denying intermediate scrutiny because plaintiff had only conducted discovery consisting of "deposing two of defendants' corporate representatives and some of defendants' employee witnesses"). In *Freeman*, the Court emphasized that "[n]otably, [plaintiffs] have not been permitted discovery into the matters that are most useful to establishing conditional certification—access to a list of fellow employees at other locations. Therefore, an intermediate standard is inappropriate at this stage." *Id.* at *4. *See also Renfro v. Spartan Comp. Servs., Inc.*, 243 F.R.D. 431, 433, 434 n.4 (D. Kan. 2007) ("[T]he Court is not inclined to apply the heightened second stage certification analysis on the minimal amount of discovery before it," consisting of approximately 20 declarations from the plaintiff and other employees). As no notice has gone out, the parties have not had an opportunity to engage in discovery of members of the potential class.

While the deposition testimony to date could have more effectively targeted the difference in job duties between therapists and therapy assistants, at this stage in the case the Court declines to apply a heightened standard of review until opt-in notice has been served and discovery from those individuals has been gathered. *See Freeman*, 2013 WL 4049542, at *4 ("At the close of discovery, and upon a motion for

decertification from the defendant, the court conducts the more rigorous second step of the analysis, weighing the evidence submitted by both sides and determining whether the plaintiffs are in fact similarly-situated to those who have opted in.").

**B. Plaintiff has demonstrated the "modest factual showing" that she and potential class members are similarly situated.**

Next, the Court must determine whether an adequate showing has been made at this first step so that the Court may conditionally certify a class and authorize notice to potential class members. *Flores*, 289 F. Supp. 2d at 1045; *Betancourt*, 2011 WL 1548964, at *5 ("Plaintiff seeks conditional certification solely for the purpose of sending notice to potential class members. Therefore, at this time, this Court is only concerned with whether plaintiff and the proposed class are similarly situated with respect to a common policy or plan established by defendant that allegedly violates the law."). The Court is not required to make a "final determination" that the similarly situated requirement has been met before allowing notice to potential class members. *Coan v. Nightingale Home Healthcare, Inc.*, 2005 WL 1799454, at *1 (S.D. Ind. June 29, 2005) ("At this stage of the case, the court does not evaluate the potential merits of plaintiffs' claims."). The "modest factual showing" requirement is not a stringent standard; "a plaintiff need only demonstrate a factual nexus that binds potential members of a collective action together." *Garcia v. Salamanca Grp., Ltd.*, 2008 WL 818532, at *3 (N.D. Ill. Mar. 24, 2008) (internal citation omitted). Potential differences among job positions are not appropriately considered at the conditional certification stage. *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010).

Here, Plaintiff has met her minimal burden of showing full-time therapy assistants and therapists at CPT were subject to the same productivity policy that resulted in those employees working off-the-clock in order to meet productivity standards. Plaintiff has provided testimony from CPT's senior vice-president of corporate operations, Kristine Bykerk, and Plaintiff's direct supervisor, Kiran Tyagi, that both knew that both therapy assistants *and* therapists were working off-the-clock. *See Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 934 (N.D. Ill. 2008) (allowing conditional certification of FLSA claim where plaintiff "alleged that [employer] was aware that she and the similarly situated employees performed unpaid work during meal and rest breaks").

Specifically, Bykerk testified that all three Alden regional supervisors had reported that therapists and therapy assistants at various locations had stated that they were working off-the-clock. (Bykerk Dep. at 154-57). Tyagi testified that *she is a therapist* and she does work when she is not clocked in. (Tyagi Dep. at 23). Tyagi also admitted that she knew of at least four other employees, who were either therapists or therapy assistants, who had worked off-the-clock. (Tyagi Dep. at 30-40, 90-91, 98-99). Moreover, Bykerk testified that both therapists and therapy assistants are subject to the same productivity monitoring. (Bykerk Dep. at 122-23) ("With regard to the productivity standards, Nancy wasn't treated any differently than any other therapists or therapy assistant, was she?" "No."; "She was similarly situated as to all of them?" "Yes."). Plaintiff also submitted an affidavit from a therapy assistant who stated that both she and others work in the evenings and on

weekends off-the-clock. (Kuntzendorf Dec. ¶ 6). Under the modest factual showing standard, Plaintiff has met her burden of demonstrating that a common policy existed with respect to both therapists and therapy assistants. *See Nehmelman v. Penn Nat. Gaming, Inc.*, 822 F. Supp. 2d 745 (N.D. Ill. 2011) (conditional certification granted for casino employees for unpaid wages for unwritten policy); *Russell*, 575 F. Supp. 2d at 935 (allegations that employer paid employees only for time logged into phone system, yet expected employees to work before and after shifts, were sufficient to demonstrate company-wide policy).

### C. Scope of Class

Plaintiff proposes a class made up of therapists and therapy assistants who were paid an hourly wage dating back three years. (Dkt. 91 at 14). Defendants argue that Plaintiff's proposed notice is overly broad and should be limited to therapy assistants and should exclude therapists because: (1) Plaintiff has presented no evidence that therapy assistants have similar duties to therapists; and (2) therapists are exempt employees and not eligible for overtime. First, as stated previously, Plaintiff has presented sufficient evidence that therapists as well as therapy assistants were working off-the-clock. And while testimony on the specific tasks of therapists would have assisted the Court, it is uncontested that therapists are subject to the same productivity standard and, it stands to reason, off-the-clock work would be required by work being uncompensated by Medicare. So while the tasks therapists and therapy assistants perform may differ, Plaintiff has provided

enough evidence of off-the-clock work being performed to allow notice to be served in this case.

Next, under the FLSA, employees are entitled to overtime pay for any hours worked in excess of forty hours per week, unless they come within one of the various exemptions set forth in the Act. *See* 29 U.S.C.A. § 213. The burden is on the employer to establish that an employee is covered by an exemption. *Schaefer-LaRose v. Eli Lilly & Co.*, 679 F.3d 560, 571 (7th Cir. 2012). Among those exemptions is one that exempts from the overtime requirement "any employee employed in a bona fide executive, administrative, or professional capacity," 29 U.S.C. § 213(a)(1), meaning "any employee: (1) [c]ompensated on a salary or fee basis at a rate of not less than $455 per week . . . ; (2) [w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) [w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). Evaluating whether an employee is exempt "requires a thorough, fact-intensive analysis of the employee's employment duties and responsibilities." *Schaefer-LaRose*, 679 F.3d at 572. The only evidence provided by Defendants in support of its contention that therapists are exempt employees is a declaration from Bykerk setting forth the educational qualifications of physical therapists and the fact that they supervise therapy assistants. (Dkt. 55-1, Bykerk Dec. ¶¶ 6, 8). She also states that physical therapists "are exempt employees who are eligible for overtime at an hourly rate,

but are not eligible for overtime at time and a half." (*Id.* ¶ 10). To the contrary, Bykerk testified at her deposition that physical therapists are paid on an hourly basis, afforded overtime pay, and that both therapists and therapy assistants are considered nonexempt employees. (Bykerk Dep. at 96, 146, 176-77).[2] Plaintiff acknowledges that "if the duties or pay practices show [therapists] are exempt at a later point, the class can be modified in the future." (Dkt. 57 at 15). At this point in the litigation, Defendants have not established that physical therapists are exempt under the FLSA statute. *See Blanchar v. Standard Ins. Co.*, 736 F.3d 753, 756 (7th Cir. 2013) ("The burden is on the employer to establish that an employee is covered by a FLSA exemption."). Both therapists and therapy assistants shall receive notice.

Defendants next argue that the class should be (1) narrowed to exclude part-time employees; and (2) limited to the employees at the Alden of Waterford facility only. The FLSA applies to employees who work in excess of forty hours a week, regardless of their classification as either a "part-time" or "full-time" employee. 29 U.S.C. § 207(a)(1); *see also Russell v. Illinois Bell Tel. Co.*, 721 F. Supp. 2d 804, 810

---

[2] Bykerk attempts to clear up this contradiction by submitting a Supplemental Declaration, dated December 4, 2015, stating that her deposition testimony was inaccurate. *See* Defendants' Sur-Reply to Plaintiff's Combined Reply in Support of her Motion for Conditional Certification and in Response to the Motion to Strike (Dkt. 58-1 at 20-21). The Court is troubled by this tardy change in deposition testimony. Fed. R. Civ. P. 30(e)(1) ("On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."). Bykerk's deposition was taken on September 1, 2015 (Dkt. 91-2) and attached to Plaintiff's Motion for Conditional Certification on October 8, 2015. (Dkt. 44-2). Bykerk's Supplemental Declaration was filed fifty-seven (57) days after Plaintiff's Motion, and ninety-four (94) days after the deposition. Moreover, the Court notes that Bykerk's testimony will not be dispositive on this issue in any event.

(N.D. Ill. 2010). Therefore, any employee who has worked in excess of forty hours in a work week, regardless of classification, shall receive notice. However, employees who worked less than 40 hours in every week that they worked are not entitled to notice.

Defendants also seek to limit notice to employees at the Alden of Waterford facility, arguing that Plaintiff has not presented evidence of a company-wide practice. (Dkt. 102 at 13). But Plaintiff provided deposition testimony from the senior vice-president of corporate operations that all three Alden regional supervisors reported that therapists and therapy assistants at various locations had stated that they were working off-the-clock. (Bykerk Dep. at 154-57). Notice shall include all Alden locations. (*See* Dkt. 102-1, Trans. at 12) ("three supervisors . . . oversee about 20 locations").[3]

Plaintiff seeks to send notice to therapists and therapy assistants employed by CPT within the past three years. (Dkt. 91 at 9). *See* 29 U.S.C. § 255 ("a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"). Defendants do not contest the three-year statute of limitations. Next, Defendants ask that notice include information regarding the litigation, including language that "those joining the suit may be required to sit for a deposition, respond to written discovery and testify at trial." (Dkt. 58-1 at 17). Plaintiff does not object. (Dkt. 57 at 18).

---

[3] Plaintiff previously agreed to "limit the scope of the notice to only cover those employees who worked at one of the Alden locations (CPT has approximately 70 other contracts with various hospitals, independent agencies, an outpatient division, assisted living that would be excluded)." (Dkt. 57 at 16).

Lastly, Defendants argue that they should not be required to provide Plaintiff with all therapists' and therapy assistants' phone numbers and e-mail addresses. (Dkt. 55 at 27). Courts in this district have allowed production of this information, noting the need to contact potential plaintiffs outweighs any privacy concerns. *See Russell*, 575 F. Supp. 2d at 939 ("Because [Plaintiff's] interest in locating and contacting similarly situated employees outweighs the limited privacy interests in a home telephone number, the Court orders that Illinois Bell produce the requested telephone number information."); *Nehmelman*, 822 F. Supp. 2d at 767 (requiring the defendant provide "names, addresses, email addresses and telephone numbers" at conditional certification stage); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill. 2008) ("Plaintiffs' request for the contact information of similarly situated employees also outweighs the privacy rights of such potential plaintiffs. Due process requires an opportunity to discover this information at the present stage of litigation, and such due process rights are more compelling than the privacy rights of potential plaintiffs' addresses and phone numbers."). More recently in *Frebes v. Mask Restaurants, LLC*, 2014 WL 1848461, at *7 (N.D. Ill. May 8, 2014), the court refused to order production of e-mail addresses and telephone numbers, noting that "[i]nformation about opt-in plaintiffs, beyond names and addresses, may be withheld to protect the opt-in plaintiffs' privacy rights . . . because Plaintiffs have not made a showing why email addresses and telephone numbers are essential, we will order defendants to provide only names and mailing addresses on the computer-readable data file." *See also Howard v. Securitas Sec. Servs., USA Inc.*,

2009 WL 140126, at *9 (N.D. Ill. Jan. 20, 2009) (the court only required the defendant to "turn over a list of names and last-known address of the putative class members").

The Court finds that telephone numbers and e-mail addresses are appropriate; however "[a] protective order limiting the use of this information to its intended purpose will adequately address defendant's privacy concerns." *Russell*, 575 F. Supp. 2d at 939. This information shall be disseminated only among Plaintiff's counsel and may be used only for the purpose of locating the current addresses of any recipients whose notices are returned or otherwise undelivered. *See id*. Accordingly, Defendants shall provide a list including names, addresses, e-mail addresses, and telephone numbers.

### III. Conclusion

Plaintiff's motion for conditional certification as a representative collective action pursuant to 29 U.S.C. 216(b) is granted. The class is on behalf of therapists and therapy assistants who were paid an hourly wage dating back three years from the date of notice, and will include all Alden locations and all employees who worked in excess of forty hours in any given week. Defendants shall produce a list, in electronic format, of all therapists and therapy assistants who have worked at one of the Alden locations for the past three years preceding the issuance of notice. The list shall contain first and last names, last known address, e-mail address, telephone number, and dates of employment. Plaintiff shall send notice, at Plaintiff's expense, by U.S. First Cass Mail.

**IT IS ORDERED** that Plaintiff's proposed Notice of Pending Lawsuit (Dkt. 91-3) is GRANTED with the following modifications: The language "and to timely pay" shall be omitted from the sentence: "The lawsuit is about whether [CPT] failed to pay overtime <u>and to timely pay</u> its therapists and therapy assistants." Notice shall include this language: "those joining the suit may be required to sit for a deposition, respond to written discovery and testify at trial."

**IT IS ORDERED** that on or before July 26, 2016, Defendants shall produce a list, in electronic format, of all therapists and therapy assistants who have worked at one of the Alden locations for the past three years preceding the issuance of notice. The list shall contain first and last names, last known address, e-mail address, telephone number, and dates of employment.

**IT IS ORDERED** that notice and a consent form shall be mailed to each prospective class member within ten (10) days of receipt of Defendants' production. Plaintiff shall send notice, at Plaintiff's expense, by U.S. First Cass Mail.

E N T E R:

Dated: July 12, 2016

*Mary M Rowland*
_____
MARY M. ROWLAND
United States Magistrate Judge